FILED
2011 Feb-11  PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **JEFFREY SCOTT MOORE,** ] | |
| ] | |
| **Petitioner,** ] | |
| ] | |
| **vs.** ] | **Case No.: 4:09-CV-1550-VEH-RRA** |
| ] | |
| **THE ATTORNEY GENERAL FOR** ] | |
| **THE STATE OF ALABAMA, et al.,** ] | |
| ] | |
| **Respondents.** ] | |

---

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted, and the action dismissed, because it is barred by the statute of limitations. Objections have been filed.

In his objections, Moore argues for the first time that the statute of limitations should not apply to him because he is actually innocent of being a repeat offender.[1] The Supreme Court has never addressed whether actual innocence is available to overcome the procedural bar of the one-year statute of limitations established by the AEDPA.  However, the Eleventh Circuit Court of Appeals has held that "the factual

---

[1] Although he was charged with first degree rape, Moore pled guilty to second degree rape and was sentenced to life imprisonment as a habitual offender with at least three prior felony convictions.

issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327. (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v.*

2

*Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

Moore makes no claim that he is actually, factually innocent of the rape in question. He merely alleges that he should not have been sentenced as a habitual offender with three prior felonies.[2] Moore has not provided any new evidence that would establish that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Therefore, he has failed to meet the requirements of the *Schlup* test.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

---

[2] Moore actually contends that he has no prior felonies. However, the court notes that during the guilty plea proceeding in state court, Moore answered "yes, sir" when the judge asked him if he was "admitting to at least three prior felony convictions." *Respondents' Exhibit 1*, Court Document 5-1 at pages 6-7.

**DONE** this the 11th day of February, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge